## TEXAS SULPHUR CO. v. GUARANTY BANK & TRUST CO.*

(Circuit Court of Appeals, Fifth Circuit. February 25, 1925. Rehearing Denied March 27, 1925.)

No. 4461.

I. **Mines and minerals** ⊂⊃79(1)—**Assignment of royalties under oil lease held required to be recorded under Texas statute; "pledge."**

An assignment of royalties to become due under an oil lease to secure an indebtedness is not a "pledge," since possession is not given the assignee; but an instrument intended to operate as a mortgage or lien, if the royalty interest be regarded as personalty, and required to be recorded by Vernon's Sayles' Ann. Civ. St. Tex. 1914, art. 5655.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Pledge.]

2. **Mines and minerals** ⊂⊃79(1)—**Second assignee of oil royalties held entitled to rely on record of prior assignment.**

An assignee of royalties to become due under an oil lease, subject to a prior assignment to secure a debt, which was of record, held a purchaser in good faith, though it took the assignment as part payment of an existing debt, and to take subject only to the indebtedness shown by the recorded assignment, and not subject to a further secret lien claimed by the first assignee, of which it had no knowledge.

*Certiorari denied 45 S. Ct. 637, 69 L. Ed. ——.

Appeal from the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Suit in equity by the Texas Sulphur Company against the Gulf Pipe Line Company and the Guaranty Bank & Trust Company. Decree in favor of the Trust Company, and complainant appeals. Reversed and remanded.

W. D. Gordon, of Beaumont, Tex., for appellant.

Geo. E. Holland, of Orange, Tex., opposed.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Appellant, who is the owner of a royalty interest in an oil and gas lease, brought this suit for an accounting and to establish its right to be paid its proper proportion of the amounts derived from the sale of oil produced by operation of the lease. The controversy is between appellant and the Guaranty Bank & Trust Company. The Gulf Pipe Line Company, as purchaser of the oil, was also made a party defendant; but it may be dismissed from consideration, as it claims no interest in the suit, and is not a party to this appeal. It answered, and admitted that it held upwards of $7,000, which it offered to pay over to either of the contesting parties in accordance with the decree of the court.

In September, 1921, A. C. Fleig, being then the owner of the royalty interest, executed an assignment of it to appellee as collateral security for his note of $10,598.30. This assignment, which was promptly recorded, provides that Fleig should not sell or assign his royalty interest without providing in such sale or assignment for the full payment of the note it was given to secure, but that, if and when the note should be paid, the bank should execute a release of all its rights under the assignment. In April, 1922, Fleig, in part payment of a past-due indebtedness to appellant, conveyed his royalty interest, subject to his assignment to appellee, to a receiver for appellant, who afterwards, in turn conveyed to it.

The note which the assignment to the bank was given to secure pledged the royalty interest for any other indebtedness of Fleig to the bank, but the recorded assignment did not disclose this fact, and it was unknown to appellant or its receiver. At the time of Fleig's conveyance to the receiver the balance secured by the assignment to appellee was only $487. Upon inquiry, the receiver was so advised by appellee, and subsequently appellant tendered this amount in satisfaction of appellee's lien. But appellee refused to accept the tender, and insisted that its lien extended to the whole of Fleig's indebtedness to it. The District Judge found the equities in favor of appellee, and entered a decree dismissing appellant's bill of complaint.

Appellant was a purchaser in good faith, although it acquired the royalty interest in part satisfaction of a pre-existing debt. Blum v. Loggins, 53 Tex. 121. It had no notice of the claim which appellee now seeks to assert. It offered to comply with the terms of appellee's assignment taken to secure Fleig's indebtedness. Appellee therefore concedes that, if the royalty interest in controversy be an interest in land, the decree is erroneous, and should have been in appellant's favor, because the latter was without either actual or constructive notice of any secret lien or equity. The decree is sought to be sustained on the theory that appellant's royalty interest is an interest in personal property. The argument is that Fleig's assignment to appellee constituted a pledge of personalty, which ever since has been in appellee's possession, and that its possession dispensed with the necessity of recording such assignment, and thereby giving notice to a subsequent purchaser in good faith.

[1] As it appears to us, it can make no difference under the facts of this case whether the royalty interest here involved is an interest in land or an interest in personal property. Appellee is not in the position of one holding a pledge. The property assigned to it was not in its possession. The oil and the proceeds of the sale thereof were in the possession of the operator of the lease. We are of opinion that Fleig's assignment to the appellee is such an instrument as is required to be recorded in order to affect the rights of appellant, who was a subsequent bona fide purchaser without notice. Article 5655, Vernon's Sayles' Texas Civil Statutes 1914, provides that:

"Every chattel mortgage, deed of trust, or other instrument of writing, intended to operate as a mortgage of or lien upon personal property, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the property mortgaged or pledged by such instrument, shall be absolutely void as against the creditors of the mortgagor or person making same, and as against subsequent purchasers and mortga-

gees or lien holders in good faith, unless such instrument, or a true copy thereof, shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated," etc.

[2] The recorded assignment to appellee contemplated that Fleig might sell his royalty interest, and provided that appellee would execute a release upon the payment of the note therein described. Appellant had a perfect right to rely upon this instrument in order to determine the extent of the recorded lien, and upon inquiry it was informed that only a small sum thereby secured remained due, and that has been tendered. It had no notice or knowledge of the contents of Fleig's note to appellee, which pledged the royalty interest for other indebtedness. Appellee was not in possession of pledged personal property, and therefore was not in a position to assert its secret lien against appellant.

The decree is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.